IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                   |     |                               |
|-----------------------------------|-----|-------------------------------|
| FRANCIS SCHOBERG,                 | *   |                               |
|                                   | *   |                               |
| *Plaintiff*,                      | *   |                               |
|                                   | *   |                               |
| v.                                | *   | Civil Action No. RDB-23-2852  |
|                                   | *   |                               |
| BALTIMORE COUNTY, MARYLAND, *et al.*, | * |                           |
|                                   | *   |                               |
| *Defendants*.                     | *   |                               |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

On July 30, 2019, Defendant Vincent Miceli, a Baltimore County Police Officer, was working in a secondary employment capacity as a security officer for Wolf Professional Security, Inc. at a Giant Food Store in Catonsville, Maryland. Plaintiff Francis Schoberg entered the Giant store wearing a black shirt with "POLICE" printed on the front and back of the shirt and on each sleeve. He had a handgun in a holster around his waist. When he was questioned by Officer Miceli, Schoberg indicated he worked as a private security guard for a private entity called "Hire Police." At some point Schoberg confirmed that he was not and never had been a police officer. The operative Amended Complaint (ECF No. 25) alleges that Miceli then prevented Schoberg from leaving the store, detained him, and called Baltimore County police officer Phillip L. Schwartzman for backup. Ultimately, the two officers then arrested Schoberg for impersonating a police officer and seized his firearm. Two days later, on August 1, 2019, Schoberg was released from custody. The Baltimore County State's Attorney then charged Schoberg with three misdemeanor offenses on

1

October 22, 2019: impersonating a police officer, carrying a handgun, and carrying a loaded handgun. These charges were ultimately dismissed by the State's Attorney for Baltimore County on June 30, 2020.

These events gave rise to a state lawsuit, a removal from the Baltimore County Circuit Court to this Court, and subsequently a ten-count amended complaint filed in this Court on November 17, 2023. (ECF No. 25.) Schoberg has brought a variety of claims against not only Officers Schwartzman and Miceli, but also against Baltimore County, Giant Food LLC, and Wolf Professional Security, Inc., which held the contract with Giant to provide uniform security service. Although all defendants moved to dismiss the original complaint (ECF No. 7), those motions (ECF Nos. 8, 9, 14, and 15) are now MOOT.

Presently pending are the motions to dismiss or in the alternative for summary judgment of Defendants Wolf and Giant (ECF No. 33) (filed jointly), Officers Miceli and Schwartzman (ECF No. 37), and Baltimore County (ECF No. 38). For the reasons stated below, those motions are treated as motions to dismiss and not motions for summary judgment. For the reasons stated below, the motion of Defendants Wolf and Giant (ECF No. 33) is GRANTED and all claims against Wolf and Giant are DISMISSED WITH PREJUDICE. Accordingly, Wolf's Motion for Exemption from Mediation (ECF No. 11) is MOOT. With respect to Baltimore County, the motion to dismiss (ECF No. 38) is GRANTED, and all claims against Baltimore County are DISMISSED WITH PREJUDICE except for Count VII (failure to train), which is DISMISSED WITHOUT PREJUDICE. For the reasons stated below, the motion of Defendants Officers Miceli and Schwartzman (ECF No. 37) is GRANTED IN PART and DENIED IN PART. Specifically, it is

GRANTED with respect to Counts I, VI, VII, VIII, and X, and those counts are DISMISSED WITH PREJUDICE. The Motion of the Officers is DENIED with respect to Counts II (malicious prosecution), III (abuse of process), IV (Articles 24 and 26 of the Maryland Declaration of Rights), V (violation of Second, Fourth, Fifth, and Fourteenth Amendments), and IX (civil conspiracy). Officers Miceli and Schwartzman also moved for leave to file a physical exhibit, which comprised body camera footage allegedly depicting the incident in the Complaint. (ECF No. 17.) Because the pending motions are being construed as motions to dismiss, the motion for leave to file a physical exhibit is DENIED. Plaintiff's Motion to Strike is also DENIED, as the body camera footage was not admitted for the purposes of the motions to dismiss. (ECF No. 46.) Wolf and Giant are not proper defendants in this suit, and Baltimore County enjoys governmental immunity from Schoberg's tort claims. However, Schoberg states a federal and state constitutional claim for illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force against the individual defendants. He also states a claim for malicious prosecution, abuse of process, and civil conspiracy against the individual defendants.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). In ruling on a motion for summary judgment, this Court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Except where

otherwise indicated, the following facts are derived from Plaintiff's Amended Complaint (ECF No. 25) and accepted as true for the purpose of Defendants' Motions to Dismiss.

On July 30, 2019, Defendant Vincent Miceli, a Baltimore County Police Officer, was working in a secondary employment capacity as a security officer for Wolf Professional Security, Inc. at a Giant Food Store ("the Store") in Catonsville, Maryland. (ECF No. 25 ¶ 12.) Plaintiff Francis Schoberg entered the Store wearing a short sleeved black tee shirt with "POLICE" embroidered on the front and back of the shirt and on each sleeve. (ECF No. 33-6 at 2.) Schoberg also wore gun holster around his waist that had a handgun in it. (*Id.*) Officer Miceli approached Schoberg as Schoberg was exiting the Store and asked Schoberg what "agency" he worked for. (ECF No. 25 ¶ 18.) Schoberg responded that he worked for "Hire Police." (*Id.* ¶ 18.) Officer Miceli replied that he was not familiar with "Hire Police." (*Id.* ¶ 19.) Schoberg responded that he was not a police officer and that "Hire Police" is a private company. (*Id.*) Officer Miceli requested Schoberg's identifying documents, and Schoberg provided his valid Maryland driver's license, a valid private investigator's permit, and a valid Maryland permit to carry a handgun on his person. (*Id.* ¶ 20.)

Officer Miceli then radioed for backup, and Officer Phillip Schwartzman arrived at the scene. (*Id.* ¶ 22.) Officers Miceli and Schwartzman called Schoberg's employer to confirm Schoberg's employment status. After confirming his employment, Officers Miceli and Schwartzman placed Schoberg under arrest and confiscated his firearm. (*Id.* ¶ 24.) Schoberg was charged with impersonation of a police officer. (*Id.* ¶ 27.) Schoberg was held in the Baltimore County Detention Center without bail for two nights, from July 30 until

August 1, 2019, after which he was released to enter the pre-trial process. (*Id.* ¶ 33.) Baltimore County retained and allegedly continues to retain Schoberg's handgun. (*Id.* ¶ 38.) On October 22, 2019, the Baltimore County State's Attorney filed a criminal information charging Schoberg with impersonating a police officer, carrying a handgun, and carrying a loaded handgun. (*Id.* ¶ 39.) On June 30, 2020, the State's Attorney dismissed all charges via nolle prosequi.[1] (*Id.* ¶ 41.) Three years later, on June 30, 2023, Schober filed the original complaint in this lawsuit in the Circuit Court for Baltimore County. (ECF No. 7.) At some point prior to the filing of this lawsuit, the State's Attorney's Office allegedly received a listing of security agencies listed with the Maryland State Police that included Schoberg's employer, Hire Police. (ECF No. 25 ¶ 44.)

The original complaint brought seven counts against Defendants Baltimore County, Officer Miceli, Officer Schwartzman, Giant Food LLC, and Wolf Professional Security, Inc. The counts were as follows: (1) false imprisonment (Count I); (2) malicious prosecution (Count II); (3) abuse of process (Count III); (4) violation of Article 24 and Article 26 of the Maryland Declaration of Rights: false arrest (Count IV); (5) Section 1983 claim for violation of Fourth and Fourteenth Amendment rights and privileges regarding illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force (Count V); (6) Section 1983 claim for negligent supervision, training, retention, and custom or policy of deliberate indifference (Count VI); and (7) intentional infliction of emotional

---

[1] The Court of Appeals of Maryland, now known as the Maryland Supreme Court, has "defined entering a nolle prosequi 'as an official declaration by the State, announcing that it will not pursue the charges in a particular charging document.'" *State v. Simms*, 175 A.3d 681, 685 (Md. 2017) (quoting *Gilmer v. State*, 887 A.2d 549, 550 n.2 (2005)). *See also* Md. Rule 4-247 ("The State's Attorney may terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court.").

distress (Count VII). All seven counts were brought against all defendants. On October 20, 2023, Defendants Baltimore County and Officers Miceli and Schwartzman filed a Notice of Removal to this Court based on federal question jurisdiction, 28 U.S.C. § 1331. (ECF No. 5.) All defendants consented to removal. (ECF No. 20.) Defendant Wolf Professional Security, Inc., moved to dismiss, or in the alternative, for summary judgment (ECF No. 8), as did Giant Food LLC (ECF No. 9), Baltimore County (ECF No. 14), and Officers Miceli and Schwartzman (ECF No. 15).

Schoberg then filed an Amended Complaint on November 17, 2023, rendering the previous motions to dismiss (ECF Nos. 8, 9, 14, 15) MOOT. (ECF No. 25.) The ten counts of the Amended Complaint are as follows: (1) false imprisonment (Count I); (2) malicious prosecution (Count II); (3) abuse of process (Count III); (4) violation of Article 24 and Article 26 of the Maryland Declaration of Rights: false arrest, due process (Count IV); (5) violation of Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution regarding illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force (Count V); (6) Section 1983 claim for violation of Second, Fourth, Fifth, and Fourteenth Amendment rights and privileges under the United States Constitution – pattern and practice, policy, and custom (Count VI); (7) Section 1983 claim for negligent supervision, training, retention, and custom or policy of deliberate indifference (Count VII); (8) intentional infliction of emotional distress (Count VIII); (9) civil conspiracy (Count IX); and (10) conspiracy under 42 U.S.C. § 1985(3). All ten counts were brought against all defendants.

Presently pending are the Motions to Dismiss, or in the alternative, for Summary Judgment, of Giant Food LLC and Wolf Professional Security, Inc. (filed jointly) (ECF No. 33), Officers Miceli and Schwartzman (ECF No. 37), and Baltimore County (ECF No. 38). Also pending are the motion of Officers Miceli and Schwartzman for leave to file a physical exhibit (ECF No. 17) and Schoberg's Motion to Strike Defendant Officers' facts and body camera exhibit (ECF No. 46).

## STANDARD OF REVIEW

Defendants' Motions are styled as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. When a party submits a motion to dismiss or alternatively for summary judgment, the court has discretion to determine which standard is implicated in deciding the motion. *Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Rule 12(d) requires courts to treat a Rule 12(b)(6) motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). This Court addresses all of these motions as motions to dismiss rather than motions for summary judgment. *See Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002).

Typically, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). To the extent that grounds for dismissal are based solely on the contents of the complaint, the Court may dismiss under Rule 12(b)(6) if the complaint does not allege

enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pled allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## ANALYSIS

### I.     Motion to Dismiss by Wolf Professional Security, Inc., and Giant Food LLC (ECF No. 33)

Initially, this Court notes that the Plaintiff in this lawsuit has resurrected certain claims against Wolf and Giant which were previously withdrawn in state court.[2] Statutes of limitations preclude Schoberg's claims for false imprisonment and intentional infliction of emotional distress, which accrued on the date of his arrest, June 30, 2019. Under Maryland's three-year statute of limitations, Schoberg therefore needed to file those claims by June 30, 2022. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. However, Schoberg did not formally file his original complaint for over one year past that date, June 30, 2023, albeit with procedural deficiencies. *See Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period, which in Maryland is three years."); *Colao v. Cnty. Council of Prince George's Cnty.*, 697 A.2d 96, 106 (Md. 1997) ("A late filing, beyond the period of limitations,

---

[2] The Defendants Giant and Wolf initially argue that judicial estoppel precludes the Plaintiff from resurrecting any claims against them in Counts I, IV, VI, VII, and VII. The Circuit Court for Baltimore County accepted those withdrawals. As this Court grants the Motion to Dismiss of Wolf and Giant for the reasons stated below, this Court need not base its decision on judicial estoppel.

of a petition for judicial review cannot be sustained simply because the late filing was the result of a 'clerical error' on the part of a petitioner, an attorney for the petitioner, or a secretary to the attorney for a petitioner."). Schoberg's claims for false imprisonment and intentional infliction of emotional distress are therefore time barred.

More fundamental, however, are the deficiencies in Schoberg's Complaint. Quite simply, Schoberg fails to plausibly allege that Officer Miceli's decision to arrest him and confiscate his firearm was at all related to his employment as a Wolf security guard for Giant. The pleadings make it clear that Officer Miceli was acting in his capacity as a Baltimore County police officer when he arrested Schoberg, and there can be no plausible allegation that his actions were in any way under the auspices of his employment by Wolf or Giant. Therefore, Schoberg cannot state a claim against Wolf or Giant for false imprisonment, malicious prosecution, abuse of process, false arrest, illegal search and seizure, pattern and practice, custom or policy of deliberate indifference, intentional infliction of emotional distress, civil conspiracy, or conspiracy under 42 U.S.C. § 1985(3). Accordingly, Wolf and Giant's Motion to Dismiss (ECF No. 33) is GRANTED and the case is DISMISSED WITH PREJUDICE as to Wolf Professional Security, Inc., and Giant Food LLC.

## II.     Motion to Dismiss by Officers Miceli and Schwartzman (ECF No. 37)

As with Schoberg's claims against Wolf and Giant, statutes of limitations bar Schoberg's claims against Officers Miceli and Schwartzman for false imprisonment and intentional infliction of emotional distress, which accrued on the date of his arrest, June 30, 2019. Schoberg needed to file those claims by June 30, 2022, but he did not do so until June 30, 2023. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Therefore, the statute of limitations

has run on Schoberg's claims against Officers Miceli and Schwartzman in Counts I (false imprisonment) and VIII (intentional infliction of emotional distress). Accordingly, Counts I and VIII are DISMISSED WITH PREJUDICE with respect to Officers Miceli and Schwartzman.

### 1. Count II: Malicious Prosecution

Schoberg's claim in Count II is for malicious prosecution. In Maryland, a malicious prosecution claim requires a plaintiff to plead four elements: (1) "a criminal proceeding instituted or continued by the defendant against the plaintiff;" (2) "without probable cause;" (3) "with malice, or with a motive other than to bring the offender to justice;" and (4) "termination of the proceeding in favor of the plaintiff." *Candelero v. Cole*, 831 A.2d 495, 500 (Md. Ct. Spec. App. 2003) (quoting *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000)). "[M]alice, though a separate element of the tort, may be inferred from the lack of probable cause." *DiPino v. Davis*, 729 A.2d 354, 373 (Md. 1999) (citing *Montgomery Ward v. Wilson*, 664 A.2d 916, 925 (Md. 1995); *One Thousand Fleet Ltd. Partnership v. Guerriero*, 694 A.2d 952, 955–56 (Md. 1997)). "[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (citations omitted).

Schoberg's allegations with respect to his malicious prosecution claim against Officers Miceli and Schwartzman are sufficient to survive a motion to dismiss. Schoberg clearly alleges that a criminal proceeding was instituted against him and that it was terminated in his favor via nolle prosequi on June 30, 2020. (ECF No. 25 ¶ 61.) As to malice or other motive, Schoberg alleges that the charges were not brought for the purpose of bringing Schoberg to

justice, "but instead to harass and intimidate Mr. Schoberg into accepting a plea deal where he protested his innocence and rejected; and also with the intent to maintain control over Schoberg's lawful firearms against his rights guaranteed under the 2nd Amendment to the United States Constitution." (*Id.* ¶ 60.) Lastly, Schoberg alleges that Defendants lacked probable cause to initiate proceedings against Schoberg because he "did not engage any person in a way that would indicate or give the impression that he was a police officer." (*Id.* ¶ 17, 59.) These alleged facts are sufficient to state a claim for malicious prosecution. Accordingly, the Officers' motion to dismiss (ECF No. 37) is DENIED as to Count II.

### 2. Count III: Abuse of Process

Schoberg's claim in Count III is for an abuse of process. "The tort of abuse of process occurs when a party has wilfully [*sic*] misused criminal or civil process after it has issued in order to obtain a result not contemplated by law[.]" *Berman v. Karvounis*, 518 A.2d 726, 727 (Md. 1987). A plaintiff must prove three elements for an abuse of process claim: (1) "that the defendant willfully used process after it has issued in a manner not contemplated by law;" (2) "that the defendant acted to satisfy an ulterior motive;" and (3) "that damages resulted from the defendant's perverted use of process." *One Thousand Fleet Ltd. Pshp. v. Guerriero*, 694 A.2d 952, 956 (Md. 1997); *Keys v. Chrysler Credit Corp.*, 471 A.2d 297, 207 (Md. 1985); *Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 311 (Md. 1984). Additionally, Maryland law requires a plaintiff to allege an unlawful arrest or seizure of property to support the damages element of an abuse of process claim. *See One Thousand Fleet*, 694 A.2d at 960. However, the "mere issuance of process itself . . . is not actionable, even if it is done with 'ulterior motive' or 'bad intention.'" *Campbell v. Lake Hallowell Homeowners Ass'n*, 852 A.2d 1029, 1044 (Md. Ct.

Spec. App. 2004). "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 311 (Md. 1984) (quoting W. Prosser, *Handbook of the Law of Torts* 846–47 (4th ed. 1971)).

In this case, Schoberg sufficiently states a claim for abuse of process against Officers Miceli and Schwartzman. He alleges that Miceli and Schwartzman "willfully used the criminal justice process/proceedings . . . for the purpose of covering up defendants' wrongful acts of unlawful seizure and detention . . . ." (ECF No. 25 ¶ 64.) Schoberg alleges that the purpose of this abuse was to "strip[] Schoberg of his lawful firearm in violation of his rights under the 2nd Amendment to the United States Constitution." (*Id.*) As to ulterior motive, Schoberg alleges that Miceli and Schwartzman were attempting "to cover up defendants' wrongful acts, unlawful seizure of Plaintiff Schoberg, unlawful continued detention of Schoberg and fabrication of evidence against Schoberg as well as to force him to be stripped of his lawfully obtained firearm and his ability to earn an income as armed security." (*Id.* ¶ 65.) Lastly, Schoberg alleges he suffered physical and emotional damages from this alleged abuse of process. (*Id.* ¶ 66.) Because these allegations sufficiently state a claim for abuse of process, Miceli and Schwartzman's Motion to Dismiss (ECF No. 37) is DENIED as to Count III.

### 3.  Count IV: Maryland Declaration of Rights – False Arrest and Due Process

In Count IV, Schoberg brings a claim under Articles 24 (right to due process of law) and 26 (right to be free from unreasonable search and seizure) of the Maryland Declaration of Rights. These rights "are essentially the same" as the corresponding rights under the

Fourth, Fifth, and Fourteenth Amendments, and as such they are considered *in pari materia* with those Amendments. *DiPino v. Davis*, 729 A.2d 354, 367 (Md. 1999). As discussed below, Schoberg states a claim in Count V against Miceli and Schwartzman for their actions under color of law in violation of the Second, Fourth, Fifth, and Fourteenth Amendments. Because that claim survives, this claim under the Maryland Declaration of Rights does as well. Accordingly, Defendants Officers Miceli and Schwartzman's Motion to Dismiss (ECF No. 37) is DENIED with respect to Count IV.

### 4. Count V: Constitutional Claim

In Count V, Plaintiff brings a claim for violation of the Second, Fourth, Fifth, and Fourteenth Amendments. Although those amendments do not provide causes of action on their own, this Court will liberally construe Schoberg's complaint and interpret Count V as a claim brought under 42 U.S.C. § 1983. Schoberg alleges "[t]hat as a result of the actions of the defendants acting under color of law, the plaintiff was deprived of various rights and privileges guaranteed to him by the United States Constitution . . . ." (ECF No. 25 ¶ 83.) Schoberg further alleges that the defendants' actions "constituted an illegal search and seizure, an illegal use of prosecution and detention, as well as an unreasonable and excessive use of force." (ECF No. 25 ¶ 83.) These allegations, coupled with the factual allegations alleged elsewhere in Schoberg's Amended Complaint, are sufficient to survive a motion to dismiss. Alleging individual liability under Section 1983 requires statements showing that the defendant personally acted to deprive the plaintiff of her rights. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The defendant "must have had personal knowledge of and involvement in the alleged deprivation of appellant's rights in order to be liable." *Id.* "[T]o

establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation and internal quotation marks omitted). In this case, Schoberg has alleged that Officers Miceli and Schwartzman were acting under color of law. (ECF No. 25 ¶ 83.) Moreover, Schoberg has alleged that Officers Miceli and Schwartzman arrested him, seized his firearm, and prosecuted him for impersonation of a police officer while knowing that Schoberg did not in fact impersonate a police officer and therefore could not be justly prosecuted for that charge. These allegations sufficiently state a claim against Officers Miceli and Schwartzman under Section 1983 for violations of Schoberg's constitutional rights. Accordingly, Miceli and Schwartzman's Motion to Dismiss (ECF No. 37) is DENIED as to Count V.

### 5. Counts VI and VII: *Monell* and Failure to Train Claims

Counts VI and VII bring pattern and practice and failure to train claims under 42 U.S.C. § 1983. Although a plaintiff may sue under Section 1983 any person who, acting under color of state law, deprives a citizen of rights, privileges, and immunities secured by the Constitution and laws of the United States, as Judge Hollander of this Court has noted, "when a plaintiff sues an individual in his or her official capacity, and also sues a municipality or agency for the same conduct, the claims against the individual are duplicative." *Open Just. Baltimore v. Baltimore City L. Dep't*, No. CV ELH-22-1901, 2023 WL 5153654, at *15 (D. Md. Aug. 10, 2023); *see also Lyles v. Prawdzik*, No. PWG-15-1056, 2016 WL 3418847, at *2 (D. Md. June 22, 2016) ("[T]he suit against the officers in their official capacity is duplicative because Lyles also has brought a *Monell* claim against Riverdale Park."); *White v. City of*

*Hagerstown*, No. JKB-18-3232, 2020 WL 3034852, at *6 (D. Md. June 5, 2020) ("White's official capacity claims against Officer McKoy will be dismissed as duplicative of his *Monell* claim against the City."). The United States Court of Appeals for the Fourth Circuit has held that where a Section 1983 claim alleges wrongdoing against an employee in his official capacity only, such claims may be dismissed as duplicative. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."). *See also Whitaker v. Nash-Rocky Mount Bd. of Educ.*, 546 F. App'x 209, 211 (4th Cir. 2013).

Counts VI and VII against Officers Miceli and Schwartzman are clearly duplicative of Schober's claims in Counts VI and VII against Baltimore County, as they are effectually claims against the County rather than the individual defendants.[3] *See Huggins v. Prince George's Cnty.*, 683 F.3d 525, 532 (4th Cir. 2012) (citing *Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[A]n official capacity claim . . . is a claim against a government entity of which an agent is an officer."); *see also Grim v. Baltimore Police Dep't*, No. ELH-18-3864, 2019 U.S. Dist. LEXIS 194461, 2019 WL 5865561, at *16 (D. Md. Nov. 8, 2019) (dismissing a claim against the BPD Commissioner "as it is duplicative of [the plaintiff's] *Monell* claim against the BPD"). Accordingly, the officers' motion to dismiss (ECF No. 37) is GRANTED as to Counts VI and VII, and Counts VI and VII are DISMISSED

---

[3] These claims are addressed further below with respect to Baltimore County.

WITH PREJUDICE.

### 6. **Count IX: Civil Conspiracy**

In Maryland, a claim for civil conspiracy requires that the plaintiff prove three elements: "1) [a] confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) [a]ctual legal damage resulting to the plaintiff." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 284 (Md. 2007) (quoting *Van Royen v. Lacey*, 277 A.2d 13, 14–15 (Md. 1971)). Civil conspiracy is not an independent cause of action under Maryland law. *Hejirika v. Md. Div. of Corr.*, 264 F. Supp. 2d 341, 346–47 (D. Md. 2003). A "defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort." *Fare Deals, Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001).

Schoberg sufficiently alleges a claim for civil conspiracy with respect to Schwartzman and Miceli.[4] He asserts that "Officer Vincent Miceli and Phillip Schwartzman communicated with each other and devised a plan to ensure that Schoberg would not receive his firearm back without just compensation, despite having prior knowledge that no defendant had the right to seize and maintain control over Schoberg's personal property . . . ." (ECF No. 25 ¶ 110.) Schoberg further alleges that "[t]he plan that they devised involved charging Schoberg with more serious crimes than he was originally charged with. They hoped that the increased pressure on Mr. Schoberg would overshadow Defendants Miceli and Schwartzman as well as the County of Baltimore's wrongdoing." (*Id.* ¶ 111.) These allegations satisfy the

---

[4] There is no basis for an assertion of civil conspiracy with the Office of the State's Attorney for Baltimore County.

requirements for facts alleging an agreement in furtherance of the conspiracy to maliciously prosecute him, and Schoberg also alleges he was damaged by the conspiracy. (*Id.* ¶ 112.) Since Schoberg's torts in Counts II and III survive Miceli and Schwartzman's motion to dismiss, Schoberg's claim for civil conspiracy does not stand alone, and therefore it survives. Accordingly, the officers' Motion to Dismiss (ECF No. 37) is DENIED as to Count IX against Defendants Officers Miceli and Schwartzman.

### 7. Count X: Conspiracy under 42 U.S.C. § 1985(3)

Schoberg's claim in Count X is brought under 42 U.S.C. § 1985(3). Section 1985(3) creates a cause of action where "two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person . . . of the equal protection of the law, or of equal privileges and immunities under the law." 42 U.S.C. § 1985(3). To establish a claim under Section 1985(3), the plaintiff must prove:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Soc'y Without a Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe,* 47 F.3d 1370, 1376 (4th Cir. 1995)). To proceed under Section 1985(3), the Complaint must sufficiently allege "an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights." *A Society Without a Name*, 655 F.3d at 346 (quoting *Simmons,* 47 F.3d at 1377); *see also Simmons,* 47 F.3d at 1377 (noting that this is a "relatively stringent" standard).

Schoberg asserts that "Defendants' actions were motivated by a combination of Mr. Schoberg's gender, race and status as a conceal/carry gun permit/license holder." (ECF No. 25 ¶ 118.) However, Schoberg alleges no facts to support this conclusory assertion. Nothing in Schoberg's Amended Complaint indicates that he was subjected to "a specific class-based, invidiously discriminatory animus." *A Soc'y Without a Name,* 655 F.3d at 346. Moreover, Schoberg alleges no facts to support that there was an agreement or a meeting of the minds to violate his constitutional rights. In Count X, Schoberg merely parrots statutory language and legal standards. Schoberg's barebone allegations are insufficiently pled to survive a motion to dismiss. Accordingly, Count X is DISMISSED WITH PREJUDICE.

### III.    Motion to Dismiss by Baltimore County (ECF No. 38)

As with Schoberg's claims against Wolf, Giant, Miceli, and Schwartzman, statutes of limitations bar Schoberg's claims against Baltimore County for false imprisonment and intentional infliction of emotional distress. Those claims accrued on the date of his arrest, June 30, 2019, and Schoberg needed to file them by June 30, 2022. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. However, Schoberg did not formally file his original complaint until June 30, 2023, albeit with procedural deficiencies. Therefore, the statute of limitations has run on Schoberg's claims against Baltimore County in Counts I and VIII. Accordingly, Counts I and VIII are DISMISSED WITH PREJUDICE with respect to Baltimore County, although they can also be dismissed under governmental immunity as noted below. Moreover, as noted above, Schoberg fails to state a claim against any defendant for conspiracy under 42 U.S.C. § 1985(3) (Count X). Accordingly, Count X is DISMISSED WITH PREJUDICE with respect to Baltimore County.

18

1.  **Governmental Immunity**

Schoberg brings five tort claims against Baltimore County: false imprisonment (Count I), malicious prosecution (Count II), abuse of process (Count III), intentional infliction of emotional distress (Count VIII), and civil conspiracy (Count IX). "The LGTCA [(the Local Government Tort Claims Act), Md. Code Ann., Cts. & Jud. Proc. § 5-301,] does not create a cause of action against the local government." *Rounds v. Maryland-Nat. Cap. Park & Plan. Comm'n*, 109 A.3d 639, 650 (Md. 2015). Rather, "[t]he LGTCA limits the liability of local government," such as Baltimore County. *Town of Riverdale Park v. Ashkar*, 255 A.3d 140, 168 (Md. 2021). The Supreme Court of Maryland[5] has long held that "the LGTCA does not waive any preexisting immunity against suit held by the local government or its employees." *Rounds*, 109 A.3d at 649; *Ledergerber v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020); *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-507(a)(1) (codifying common law immunity for public officials who act without malice and within the scope of their employment). Instead, the LGTCA designates a local government as de-facto "insurer," obligated to indemnify its employees from tort liability unless they acted with malice or gross negligence. *Hansen v. City of Laurel*, 25 A.3d 122, 128–29 n.5 (Md. 2011); *accord Rios v. Montgomery Cnty.*, 872 A.2d 1, 19 (Md. 2005). As Judge Hollander of this Court has noted, "counties in Maryland enjoy governmental immunity in negligence actions when the conduct on which the suit is based is governmental, not proprietary." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 411 (D. Md. 2022) (citing *Pavelka v. Carter*, 996 F.2d 645, 648 (4th

---

[5] The Supreme Court of Maryland was formerly named the "Court of Appeals of Maryland." At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the "Supreme Court of Maryland." The name change took effect on December 14, 2022.

Cir. 1993)). "The operation by a county of its police department is quintessentially governmental." *Clark v. Prince George's Cnty.*, 65 A.3d 785, 791 (Md. Ct. Spec. App. 2013). Counts I, II, III, VIII, and IX arise from the actions of the Baltimore County Police Department. Baltimore County is therefore immune from those counts, as they are "nonconstitutional torts based on activity categorized as 'governmental.'" *Paulone v. City of Frederick*, 787 F. Supp. 2d 360 (D. Md. 2011) (quoting *Housing Auth. Of Balt. City v. Bennett*, 754 A.2d 367, 370 (2000)). Accordingly, Counts I, II, III, VIII, and IX are DISMISSED WITH PREJUDICE as to Baltimore County.

### 2. Count IV: Maryland Declaration of Rights – False Arrest and Due Process

In Count IV, Schoberg brings a claim under Articles 24 and 26 of the Maryland Declaration of Rights. Under Maryland law, a county may be liable for violations of the Maryland Declaration of Rights either because its employee committed such a violation, *DiPino v. Davis*, 729 A.2d 354, 372 (Md. 1999), or because the County engaged in a pattern or practice which caused the violation, *Prince George's County v. Longtin*, 19 A.3d 859 (Md. 2011). Article 24 of the Maryland Declaration of Rights provides, "no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property . . . ." Md. Const. Decl. of Rights art. XXIV. Article 26 provides, "all warrants, without oath or affirmation, . . . to seize any person or property, are grievous and oppressive . . . ." Md. Const. Decl. of Rights. art. XXVI. As noted above, state constitutional claims under Maryland's Declaration of Rights are construed *in pari materia* to the Fourth and Fourteenth Amendment to the United States Constitution. *See Miller v. Prince George's County*,

475 F.3d 621, 631 n.5 (4th Cir. 2007); *Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1224 (2000). Accordingly, this Court will consider Count IV alongside Schoberg's federal Constitutional claims. Because, as discussed below, none of Schoberg's federal Constitutional claims survive against Baltimore County, neither can Schoberg's claim under the Maryland Declaration of Rights. Accordingly, Count IV is DISMISSED WITH PREJUDICE with respect to Baltimore County.

### 3. Count V: Constitutional claim

As noted above, this Court liberally construes Plaintiff's claim in Count V as one brought under 42 U.S.C. § 1983. However, Schoberg still fails to state a claim against Defendant Baltimore County. As stated below, to state a Section 1983 claim against a municipality, a plaintiff must "adequately plead . . . the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). As Chief Judge Bredar of this Court has noted, "[i]t is not enough to allege the instance at hand and infer that it is part of a broader practice." *Brent v. City of Cumberland Police Dep't*, No. CV JKB-22-1349, 2023 WL 2457591, at *10 (D. Md. Mar. 10, 2023) (citing *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009)). In Count V, as in Count VI, Schoberg points to no other similar incidents to support his pattern or practice claims. Failure to do so means that he fails to state a claim against Baltimore County in Count V. Accordingly, Count V is DISMISSED WITH PREJUDICE with respect to Baltimore County.

### 4. Count VI: Section 1983 Pattern or Practice

Count VI brings a claim under 42 U.S.C. § 1983 for violation of Schoberg's Second,

Fourth, Fifth and Fourteenth Amendment rights and privileges under the United States Constitution with regard to a pattern and practice, policy, and custom "of maintaining prosecutions for which they know that no crime had been committed for the purpose of stripping accused persons of their lawfully obtained firearm." (ECF No. 25 ¶ 91.) Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *Owens v. Balt. City State's Attorney's Off.*, 767 F.3d 379 (4th Cir. 2014). However, Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017).

Simply stated, Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States. *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Safar*, 859 F.3d at 245 ("The first step in any such claim is to pinpoint the specific right that has been infringed."). "The statutory color-of-law prerequisite is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In *Monell v. Department of Social Services*, the Supreme Court concluded that Congress intended "municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978). The Court further explained that local governments can "be sued directly under § 1983 for monetary, declaratory, or injunctive relief, where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* A state agency, however, cannot be sued under Section 1983 because a state agency is not a "person" under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989).

To state a Section 1983 claim against a municipality, a plaintiff must "adequately plead . . . the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994); *see also Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) ("[I]t is by now well settled that a municipality is only liable under section 1983 if it causes such a deprivation through an official policy or custom."). However, "a municipality cannot be held liable . . . under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. Municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694.

A plaintiff may allege four types of policies, customs, or practices for which a municipality may be held liable: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3)

through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter*, 164 F.3d at 217). Regardless of which theory a plaintiff proceeds under, a plaintiff asserting a Section 1983 claim against a municipality must plead factual content that would allow the Court to draw a reasonable inference that: (1) the plaintiff has suffered a deprivation of a constitutional right; and (2) the violation of that right was caused by the enforcement of a municipal policy or practice, the decision of an official with final policymaking authority, or inadequate training amounting to deliberate indifference to a plaintiff's constitutional rights. *See Monell*, 436 U.S. at 694; *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987).

Although Schoberg alleges that the County has "a policy, custom and practice, enforced by the named officers in this case, of unlawfully arresting persons and prosecuting them in order to strip said persons of their lawfully possessed firearm and to cover-up unlawful seizures," merely alleging a policy, custom, or practice is not enough. *See Weeden v. Prince George's Cnty.*, No. GJH-17-2013, 2018 WL 2694441, at *4 (D. Md. June 4, 2018) ("A plaintiff must allege numerous particular instances of unconstitutional conduct in order to establish a custom or practice, because 'a municipality is not liable for mere isolated incidents of unconstitutional conduct by subordinate employees . . . .'" (alteration in original) (quoting *Smith v. Ray*, 409 F. App'x 641, 651 (4th Cir. 2011))). As Chief Judge Bredar of this Court has noted, "[i]t is not enough to allege the instance at hand and infer that it is part of a broader practice." *Brent v. City of Cumberland Police Dep't*, No. CV JKB-22-1349, 2023 WL 2457591, at

*10 (D. Md. Mar. 10, 2023) (citing *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009)). Schoberg points to no other similar incidents to support his pattern or practice claims. Rather, he baldly asserts the County has a policy, custom, or practice without alleging a single comparable incident. As Chief Judge Bredar has stated, "[s]uch bare assertions of a 'policy/custom,' devoid of factual support, do not suffice to state a *Monell* claim." *Brent*, 2023 WL 2457591, at *9 (citing *Hicks v. Anne Arundel Cnty.*, Civ. No. JKB-20-0022, 2020 WL 7624773, at *6 (D. Md. Dec. 22, 2020); *Davis v. McDermott*, Civ. No. WMN-07-1457, 2007 WL 9782460, at *2 (D. Md. Sept. 21, 2007)). Schoberg therefore fails to state a claim under Section 1983 for a pattern or practice. Accordingly, Count VI is DISMISSED WITH PREJUDICE.

### 5. Count VII: Section 1983 Failure to Train

In Count VII, Schoberg brings a Section 1983 claim for negligent supervision, training, retention, and custom or policy of deliberate indifference. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of person with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390–91. To state a claim under Section 1983 based on a failure to train, a plaintiff must allege: "(1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training." *Grim*, 2019 WL 5865561, at *17 (quoting *Lewis v. Simms*, AW-11-CV-2171, 2012 WL 254024,

at *3 (D. Md. Jan. 26, 2012)).

Schoberg offers no allegations concerning the "nature of training" or the manner in which "the officer's conduct resulted from said training." *Lewis*, 2012 WL 254024, at *1; *see Hall v. Fabrizio*, JKB-12-754, 2012 WL 2905293, at *2 (D. Md. July 13, 2012) (dismissing failure to train claim against BPD because "the complaint [did] not allege any facts regarding the sort of training that Baltimore police officers actually receive or how that training reflects the decision of any municipal policymaker."). As Judge Russell of this Court has noted, "[i]t is not sufficient to state 'in broad, conclusory terms and in a variety of different ways' that the police department 'failed to train and supervise its officers.'" *Peprah v. Williams*, No. CV GLR-18-990, 2019 WL 224245, at *6 (D. Md. Jan. 15, 2019) (quoting *Peters v. City of Mount Rainier*, No. GJH-14-0955, 2014 WL 4855032 at *5 (D. Md. Sept. 29, 2014)). Schoberg merely states in broad, conclusory terms that the training was inadequate, and alleges summarily that "Mr. Schoberg suffered Constitutional deprivations which were foreseeable and would not have happened had Defendant Officers been properly trained and required not to arrest persons without probable cause and to not maintain control over an arrestee's personal firearm without just compensation." (ECF No. 25 ¶ 100.) Absent any reference to a particular training practice or a more specific shortcoming in the County Police Department's training program, Schoberg fails to plausibly claim that the County's putative training deficiencies caused his injury. *See Litchfield v. Rinehart*, No. CV GLR-21-2101, 2022 WL 3716525, at *6 (D. Md. Aug. 29, 2022) ("These are precisely the type of conclusory statements this Court has found are insufficient to state a *Monell* claim for which relief may be granted."). Plaintiff therefore fails to state a claim for relief under the failure to train

theory of *Monell* liability under Section 1983. Accordingly, Count VII is DISMISSED WITHOUT PREJUDICE.[6]

### IV.    Motion to for Leave to File Physical Exhibit (ECF No. 17) and Motion to Strike (ECF No. 46)

Officers Miceli and Schwartzman have moved for leave to file a physical exhibit that comprises body camera footage allegedly depicting the incident in the Complaint. (ECF No. 17.) Because the pending motions are construed as motions to dismiss, the motion for leave to file a physical exhibit is DENIED. Because the body camera footage is not admitted, Plaintiff's Motion to Strike and Exclude Defendant Officers' facts and attached body worn camera exhibit is also DENIED. (ECF No. 46.)

### CONCLUSION

For the reasons stated above, the Motion to Dismiss, or in the alternative, for Summary Judgment by Defendants Giant Food LLC and Wolf Professional Security, Inc. (ECF No. 33), construed as a Motion to Dismiss, is GRANTED, and this case is DISMISSED WITH PREJUDICE as to Giant and Wolf. The Motion to Dismiss, or in the Alternative, for Summary Judgment by Defendants Officers Miceli and Schwartzman (ECF No. 37), construed as a Motion to Dismiss, is GRANTED IN PART and DENIED IN PART. Counts I, VI, VII, VIII, and X are DISMISSED WITH PREJUDICE. The Motion to Dismiss, or in the alternative, for Summary Judgment by Defendant Baltimore County (ECF No. 38), construed as a Motion to Dismiss, is GRANTED, and Counts I, II, III, IV,

---

[6] Although this claim is dismissed without prejudice, there has been no plausible claim that Baltimore County has failed to train with respect to impersonation of a police officer.

V, VI, VIII, IX, and X are DISMISSED WITH PREJUDICE. Count VII is DISMISSED

WITHOUT PREJUDICE.

    A separate order follows.


Date: April 23, 2024

                                       _____/s/_____
                                       Richard D. Bennett
                                       United States Senior District Judge