IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS SCHOBERG, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2852 |
| PHILLIP L. SCHWARTZMAN and VINCENT J. MICELI, | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Several motions are presently pending in the above-captioned case: (1) the Officer Defendants Phillip L. Schwartzman and Vincent J. Miceli's (the "Officer Defendants") Motion to Revise Order (ECF No. 60);[1] (2) the Officer Defendants' Motion to Stay Discovery (ECF No. 63); (3) Plaintiff Francis Schoberg's Motion to Compel Discovery (ECF No. 65);[2] (4) Plaintiff's Motion for Summary Judgment (ECF No. 69); and (5) Plaintiff's Motion for Leave to File Physical Exhibit (Video) (ECF No. 70). The instant Memorandum Opinion is chiefly focused on the pending motions filed by the Officer Defendants (ECF Nos. 60, 63).

With respect to the Motion to Revise Order (ECF No. 60), the Officer Defendants request that this Court revise its prior Order (ECF No. 59) pursuant to Fed. R. Civ. P. 54(b).

---

[1] For clarity, this Memorandum Opinion cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Opinion cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

[2] By separate Order, the Court instructs the parties to jointly contact chambers by 5:00 PM ET on Monday, March 3, 2025, to schedule an in-person hearing during the week of March 3, 2025, on Plaintiff's pending Motion to Compel Discovery (ECF No. 65).

In brief, the Officer Defendants contend that the Court committed clear error causing manifest injustice in failing to address their qualified immunity defense (ECF No. 60-1 at 2–3)—which their motion to dismiss raised in footnotes (*see* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6)—and by construing their underlying "Motion to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) as a motion to dismiss and not a motion for summary judgment (ECF No. 60-1 at 3–6). Simply stated, these contentions are without merit.

With respect to the Motion to Stay Discovery (ECF No. 63), the Officer Defendants request that the Court stay discovery while the motion to reconsider remained pending. As the instant Memorandum Opinion disposes of that motion, the Motion to Stay Discovery (ECF No. 63) is now moot.

The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, (1) the Officer Defendants' Motion to Revise Order (ECF No. 60) is DENIED; and (2) the Officer Defendants' Motion to Stay Discovery (ECF No. 63) is DENIED AS MOOT.

## BACKGROUND

In its Memorandum Opinion dated April 23, 2024, the Court detailed the factual and procedural background of this case. (ECF No. 58 at 3–7.) The Court provides a brief overview below.

On July 30, 2019, Miceli, a Baltimore County Police Officer, was working in a secondary employment capacity as a security officer for Wolf Professional Security, Inc. at a Giant Food grocery store in Catonsville, Maryland. (ECF No. 25 ¶ 12.) Schoberg entered the store wearing a black shirt with "POLICE" printed on the front and back of the shirt

and on each sleeve, with a handgun in a holster around his waist. (ECF No. 58 at 4.) When he was questioned by Miceli, Schoberg indicated he worked as a private security guard for a private entity called "Hire Police." (ECF No. 25 ¶¶ 18–20.) At some point during their interaction, Schoberg confirmed that he was not and never had been a police officer. (*Id.*) Schoberg alleges that Miceli then prevented Schoberg from leaving the store, detained him, and called Schwartzman, who is also a Baltimore County Police Officer, for backup. (*Id.* ¶ 22.) Ultimately, the two officers then arrested Schoberg for impersonating a police officer and seized his firearm. (*Id.* ¶¶ 24, 27, 38.) Two days later, on August 1, 2019, Schoberg was released from custody. (*Id.* ¶ 33.) The Baltimore County State's Attorney then charged Schoberg with three misdemeanor offenses on October 22, 2019: impersonating a police officer, carrying a handgun, and carrying a loaded handgun. (*Id.* ¶ 39.) These charges were ultimately dismissed by the State's Attorney for Baltimore County on June 30, 2020. (*Id.* ¶ 41.)

In June 2023, Schoberg initiated the instant lawsuit, filing the original complaint in the Circuit Court for Baltimore County. (ECF No. 7.) The suit was subsequently removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331. (ECF No. 5.) Sometime thereafter, Schoberg filed an Amended Complaint (ECF No. 25) against the Officer Defendants, as well as three now-terminated Defendants—Baltimore County, Maryland, Giant Food LLC ("Giant"), and Wolf Professional Security, Inc ("Wolf"). The Amended Complaint alleged the following against all Defendants: (1) false imprisonment (Count I); (2) malicious prosecution (Count II); (3) abuse of process (Count III); (4) violation of Article 24 and Article 26 of the Maryland Declaration of Rights: false arrest, due

3

process (Count IV); (5) violation of Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution regarding illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force (Count V); (6) Section 1983 claim for violation of Second, Fourth, Fifth, and Fourteenth Amendment rights and privileges under the United States Constitution—pattern and practice, policy, and custom (Count VI); (7) Section 1983 claim for negligent supervision, training, retention, and custom or policy of deliberate indifference (Count VII); (8) intentional infliction of emotional distress (Count VIII); (9) civil conspiracy (Count IX); and (10) conspiracy under 42 U.S.C. § 1985 (Count X).  (ECF No. 25.)

In response, the Defendants filed motions to dismiss or in the alternative for summary judgment (ECF Nos. 33 (Wolf and Giant); 37 (Officer Defendants); 38 (Baltimore County)).  On April 23, 2024, the Court issued its Memorandum Opinion and Order addressing those motions, which it construed as motions to dismiss.  (ECF Nos. 58; 59.) With respect to the now-terminated Defendants, the Court granted Wolf and Giant's joint motion (ECF No. 33), dismissing all claims against Wolf and Giant with prejudice; and the Court granted Baltimore County's motion (ECF No. 38), dismissing all claims against Baltimore County with prejudice, with the exception of Count VII, stating a *Monell*[3] claim,[4] which was dismissed without prejudice.  (ECF No. 59.)  The Officer Defendants' "Motion

---

[3] In *Monell v. Department of Social Services*, the Supreme Court concluded that Congress intended "municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978).
[4] As background, to plead a claim for *Monell* liability, a plaintiff must allege that (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights.  *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).  While Plaintiff's *Monell* claim was dismissed with respect to Baltimore County, it was dismissed without prejudice subject to possible refiling pending the outcome of Schoberg's constitutional claims against the Officer Defendants.

to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) was granted in part and denied in part.  Specifically, the Court granted the motion with respect to Counts I, VI, VII, VIII, and X, which were all dismissed with prejudice; but denied the motion with respect to Counts II, III, IV, V, and IX.  That is, the following five (5) counts remain pending against the Officer Defendants: malicious prosecution (Count II); abuse of process (Count III); violation of Article 24 and Article 26 of the Maryland Declaration of Rights: false arrest, due process (Count IV); violation of Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution regarding illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force (Count V); and civil conspiracy (Count IX).

On May 7, 2024,[5] the Officer Defendants filed the Motion to Revise Order (ECF No. 60) pursuant to Fed. R. Civ. P. 54(b).  In brief, the Officer Defendants contend that the Court committed clear error causing manifest injustice in failing to address their qualified immunity defense (ECF No. 60-1 at 2–3)—which their motion to dismiss raised in footnotes (*see* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6)—and by construing their underlying "Motion to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) as a motion to dismiss and not a motion for summary judgment (ECF No. 60-1 at 3–6).  Schoberg responded in opposition (ECF No. 61).

On December 4, 2024, the Officer Defendants filed a Motion to Stay Discovery (ECF No. 63), wherein they request that the Court stay discovery while the motion to

---

[5] Fed. R. Civ. P. 12(a)(4)(A) provides that a party has fourteen (14) days to respond to a complaint after a motion to dismiss is denied.  That is, the Officer Defendants' Answer was due on May 7, 2024, and to date, Schwartzman and Miceli have not filed an answer.  The motion to reconsider did not stay the deadline.

5

reconsider remained pending. As the instant Memorandum Opinion addresses the motion to reconsider, the Motion to Stay Discovery (ECF No. 63) is now moot and shall be denied as such.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). As Judge Gallagher of this Court has noted, although "the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, . . . courts in this District frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration." *Jahn v. Tiffin Holdings Inc.*, No. SAG-18-1782, 2020 U.S. Dist. LEXIS 143395, 2020 WL 4559927, at *1 (D. Md. May 13, 2020). Accordingly, motions for reconsideration might be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Or, a motion might be granted "if one of the following is present: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief.'" *Jahn*, 2020 U.S. Dist. LEXIS 143395, 2020 WL 4559927, at *2 (quoting *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584

(D. Md. 2018)).

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Peckey v. Bank of Am.*, No. RDB-14-433, 2016 U.S. Dist. LEXIS 163809, 2016 WL 6951940, at *1 (D. Md. Nov. 28, 2016); *Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 U.S. Dist. LEXIS 141554, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (quoting *TFWS*, 572 F.3d at 194)). "Resolution of the motion is 'committed to the discretion of the district court[.]'" *Ficep Corp. v. Voortman USA Corp.*, No. WDQ-13-0429, 2015 U.S. Dist. LEXIS 37013, 2015 WL 1401881, at *3 (D. Md. Mar. 24, 2015) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)).

## ANALYSIS

Through their Motion to Revise Order (ECF No. 60), the Officer Defendants request that this Court revise its prior Order (ECF No. 59) pursuant to Fed. R. Civ. P. 54(b). The Officer Defendants contend that the Court committed clear error causing manifest injustice in failing to address their qualified immunity defense (ECF No. 60-1 at 2–3)—which their motion to dismiss and related reply raised in footnotes (*see* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6)—and by construing their underlying "Motion to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) as a motion to dismiss and not a motion for summary judgment (ECF No. 60-1 at 3–6). The Court addresses each argument below.

> **I.    The Court did not commit clear error causing manifest injustice in failing to address Schwartzman and Miceli's qualified immunity defense.**

As brief background, in their underlying motion to dismiss (ECF No. 37), the Officer Defendants provided the following footnote on qualified immunity:

> Defendants are also entitled to dismissal of any federal claims on the basis of qualified immunity.  At the time of the events alleged, it was not clearly established that the specific alleged conduct by Defendants would violate Plaintiff's federal constitutional rights such that Defendant would be on notice that their conduct was illegal.

(ECF No. 37-1 at 15 n.1.)  The footnote proceeded to cite two Supreme Court cases, *Mullenix v. Luna*, 577 U.S. 7 (2015) (per curiam) and *White v. Pauly,* 580 U.S. 73 (2017) (per curiam), including two parentheticals explaining that "clearly established" for purposes of qualified immunity means that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  (ECF No. 37-1 at 15 n.1.)  In Plaintiff's response (ECF No. 43), Schoberg addressed the Officer Defendants' mention of qualified immunity, highlighting that they "[did] not brief this issue but merely mention[] in a footnote[.]"  (ECF No. 43-1 at 24.)  In their reply, the Officer Defendants did little more, but simply stated: "Plaintiff also makes mention of the defense of qualified immunity but makes no effort to connect the facts of this case to case law regarding such immunity."  (ECF No. 56 at 7 n.6.)

Through their Motion to Revise (ECF No. 60), Officer Defendants fault this Court's Memorandum Opinion (ECF No. 59) for "mak[ing] no mention of" qualified immunity. (ECF No. 60-1 at 2–3.)  In support of their position that "not ruling on the defense is clear error," the Officer Defendants cite dicta within *Lescs v. Martinsburg Police Department*, 138 F.

8

App'x 562 (2005). As the United States Court of Appeals for the Fourth Circuit has noted: "A qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . when asserted at this early stage in the proceedings, 'the defense faces a formidable hurdle' and 'is usually not successful.'" *Owens v. Balt. City State's Att'ys Office*, 767 F.3d 379 (4th Cir. 2014) (quoting *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006)). To establish a qualified-immunity defense, the Officer Defendants must demonstrate that (1) Schoberg has not alleged or shown facts that "make out a violation of a constitutional right," or that (2) "the right at issue was [not] 'clearly established' at the time of" the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). While this Circuit places a portion of the burden on both parties—the defendant must establish that the allegedly violated law was not clearly established, and the plaintiff must establish that the defendant violated a constitutional right, *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022)—it must be emphasized that the Officer Defendants approached this "formidable hurdle" and burden with a generic two-sentence footnote. Their Motion to Revise (ECF No. 60) does not attempt to cure this deficiency, but rather contends that revision of the Court's Order (ECF No. 59) is necessary to correct clear error causing manifest injustice. At bottom, the Officer Defendants' dissatisfaction with the Court's disposition of the underlying motion is insufficient to warrant relief under Fed. R. Civ. P. 54(b). The Court places great emphasis on the Officer Developments' complete failure to develop or support their qualified immunity defense in their submissions to the Court in so holding. (*See* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6; 60-1 at 2–3.)

> **II.  The Court did not commit clear error causing manifest injustice by construing the Officer Defendants' "Motion to Dismiss Amended**

**Complaint or for Summary Judgment" (ECF No. 37) as a motion to dismiss and not a motion for summary judgment.**

Through their Motion to Revise (ECF No. 60), Officer Defendants argue that this Court committed clear error causing manifest injustice in construing their underlying "Motion to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) by construing the motion as a motion to dismiss and not converting the motion to dismiss into one summary judgment (ECF No. 60-1 at 3–6). Briefly, the Court notes that the Fourth Circuit disfavors conversion of a motion to dismiss to a motion for summary judgment before the parties have had an opportunity to conduct reasonable discovery. *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). Generally, if a party believes that summary judgment is procedurally inappropriate because the party needs discovery to properly oppose the motion, the party should file a Rule 56(d) affidavit informing the court of such. *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542–43 (D. Md. 2012). However, failing to file a Rule 56(d) affidavit is not necessarily fatal where the "nonmoving party has adequately informed the court that . . . more discovery is necessary." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002). "Even in the absence of a Rule 56(d) affidavit," a judge maintains "complete discretion" to decline to convert a motion to dismiss to one for summary judgment. *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017). It is entirely unclear how this Court's exercise of its "complete discretion" to decline to convert the motion to dismiss to one for summary judgment was clear error causing manifest injustice.

**CONCLUSION**

For the reasons stated above, (1) the Officer Defendants' Motion to Revise Order (ECF No. 60) is DENIED; and (2) the Officer Defendants' Motion to Stay Discovery (ECF No. 63) is DENIED AS MOOT.

A separate Order follows.

Dated: February 28, 2025

                                                    /s/
                                            Richard D. Bennett
                                            United States Senior District Judge