IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS SCHOBERG, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2852 |
| | * | |
| PHILLIP L. SCHWARTZMAN and VINCENT J. MICELI, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Instantly before the Court is the Officer Defendants Phillip L. Schwartzman ("Schwartzman") and Vincent J. Miceli's ("Miceli") (collectively, the "Officer Defendants") Motion to Stay (ECF No. 80),[1] which seeks to stay proceedings pending resolution of the Officer Defendants' interlocutory appeal to the United States Court of Appeals for the Fourth Circuit on the issue of qualified immunity. Plaintiff Francis Schoberg ("Plaintiff" or "Schoberg") responded in opposition (ECF No. 81), and the Officer Defendants filed a reply (ECF No. 82). The Court has reviewed the parties' submissions, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Officer Defendants' Motion to Stay (ECF No. 80) is DENIED.

## **BACKGROUND**

As this Court has previously detailed the factual and procedural background of this

---

[1] For clarity, this Memorandum Order cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated.

case, (ECF Nos. 58 at 3–7; 71 at 2–6), the Court provides only a brief overview below.

Except where otherwise noted, the following facts are alleged in the operative Amended Complaint (ECF No. 25). On July 30, 2019, Miceli, a Baltimore County Police Officer, was working in a secondary employment capacity as a private security officer at a grocery store in Catonsville, Maryland. (ECF No. 25 ¶ 12.) Shortly after Schoberg entered the store wearing a shirt with "POLICE" printed on the front and back of the shirt and on each sleeve, with a handgun in a holster around his waist, (ECF No. 58 at 4), Miceli questioned Schoberg, who indicated that he worked as a private security guard for a private entity called "Hire Police." (ECF No. 25 ¶¶ 18–20.) At some point during their interaction, Schoberg confirmed that he was not and never had been a police officer. (*Id.*) Schoberg alleges that Miceli then prevented him from leaving the store, detained him, and called Schwartzman, who is also a Baltimore County Police Officer, for backup. (*Id.* ¶ 22.) Ultimately, Miceli and Schwartzman arrested Schoberg and seized his firearm. (*Id.* ¶¶ 24, 27, 38.) Schoberg was not released from custody until August 1, 2019. (*Id.* ¶ 33.) On October 22, 2019, the Baltimore County State's Attorney charged Schoberg with three misdemeanor offenses: impersonating a police officer, carrying a handgun, and carrying a loaded handgun, (*id.* ¶ 39), though these charges were ultimately dismissed by the State in June 2020, (*id.* ¶ 41).

In June 2023, Schoberg initiated the instant lawsuit, filing the original complaint in the Circuit Court for Baltimore County. (ECF No. 7.) The suit was subsequently removed to this Court based on federal question jurisdiction. (ECF No. 5.)

Sometime thereafter, Schoberg filed the operative Amended Complaint (ECF No. 25) against the Officer Defendants, as well as three now-terminated Defendants—Baltimore

County, Maryland ("Baltimore County"), Giant Food LLC ("Giant"), and Wolf Professional Security, Inc. ("Wolf"). The Amended Complaint alleged the following against all Defendants: (1) a claim for false imprisonment (Count I); (2) a claim for malicious prosecution (Count II); (3) a claim for abuse of process (Count III); (4) a claim for violation of Article 24 and Article 26 of the Maryland Declaration of Rights regarding false arrest and due process (Count IV); (5) a claim for violation of the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution regarding illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force (Count V); (6) an 18 U.S.C. § 1983 claim for violation of Second, Fourth, Fifth, and Fourteenth Amendment rights and privileges under the United States Constitution—pattern and practice, policy, and custom (Count VI); (7) a Section 1983 claim for negligent supervision, training, retention, and custom or policy of deliberate indifference (Count VII); (8) a claim for intentional infliction of emotional distress (Count VIII); (9) a claim for civil conspiracy (Count IX); and (10) a claim for conspiracy under 42 U.S.C. § 1985 (Count X). (ECF No. 25.)

In response, the Defendants filed motions to dismiss or for summary judgment (ECF Nos. 33 (Wolf and Giant); 37 (Officer Defendants); 38 (Baltimore County)). On April 23, 2024, the Court issued its Memorandum Opinion and Order addressing those motions, which it construed as motions to dismiss. (ECF Nos. 58; 59.) In brief, the Court granted Wolf and Giant's joint motion (ECF No. 33), dismissing all claims against Wolf and Giant with prejudice; and granted Baltimore County's motion (ECF No. 38), dismissing all claims against Baltimore County with prejudice, with the exception of Count VII, stating a

*Monell*[2] claim, which was dismissed without prejudice.[3] (ECF No. 59.) The Officer Defendants' "Motion to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) was granted in part and denied in part. Specifically, the Court granted the motion with respect to Counts I, VI, VII, VIII, and X, which were dismissed with prejudice; but denied the motion with respect to Counts II, III, IV, V, and IX. That is, the following five (5) counts remain pending against the Officer Defendants: malicious prosecution (Count II); abuse of process (Count III); violation of Article 24 and Article 26 of the Maryland Declaration of Rights: false arrest, due process (Count IV); violation of Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution regarding illegal search and seizure, illegal use of prosecution and detention, and unreasonable and excessive use of force (Count V); and civil conspiracy (Count IX).

On May 7, 2024, the Officer Defendants filed a Motion to Revise Order (ECF No. 60) pursuant to Fed. R. Civ. P. 54(b), wherein the Officer Defendants argued that the Court committed clear error causing manifest injustice in failing to address their qualified immunity defense (ECF No. 60-1 at 2–3)—which their motion to dismiss raised in footnotes (*see* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6); and by construing their underlying "Motion to Dismiss Amended Complaint or for Summary Judgment" (ECF No. 37) exclusively as a motion to dismiss, rather than a joint motion for summary judgment (ECF No. 60-1 at 3–6). On

---

[2] In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court concluded that Congress intended "municipalities and other local government units to be included among those persons to whom § 1983 applies." *Id.* at 690.
[3] As background, to plead a claim for *Monell* liability, a plaintiff must allege that (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). While Plaintiff's *Monell* claim was dismissed with respect to Baltimore County, it was dismissed without prejudice subject to possible refiling pending the outcome of Schoberg's constitutional claims against the Officer Defendants.

February 28, 2025, this Court denied Defendants' Motion to Revise Order via a Memorandum Opinion (ECF No. 71). With respect to the Officer Defendants' arguments concerning this Court's alleged error in failing to address their qualified immunity defense, the Court explained that the Officer Defendants' dissatisfaction with the Court's disposition of the underlying motion is insufficient to warrant relief under Fed. R. Civ. P. 54(b), placing great emphasis on the Officer Developments' failure to develop or support their qualified immunity defense in their submissions to the Court. (*Id.* at 8–9.) With respect to the Officer Defendants' arguments concerning this Court's alleged error in construing their motion as a motion to dismiss, the Court explained that it was unclear how this Court's exercise of its "complete discretion" to decline to convert the motion to dismiss to one for summary judgment was clear error causing manifest injustice. (*Id.* at 9–10.)

On March 26, 2025, the Officer Defendants filed a Notice of Appeal (ECF No. 74) related to this Court's decision on the issue of qualified immunity.[4] On March 27, 2025, this Court held an off the record telephone conference with the parties, during which the Officer Defendants indicated they would be filing a motion to stay the proceedings pending the outcome of their interlocutory appeal.[5] (ECF No. 78.) And so, on April 14, 2025, the Officer Defendants filed the pending Motion to Stay (ECF No. 80). Plaintiff responded in opposition

---

[4] Federal law, specifically 28 U.S.C. § 1291, limits the jurisdiction of federal courts of appeals to appeals from "final decisions of the district courts." Generally, the denial of a motion to dismiss does not constitute a "final decision," and thus does not provide the proper basis for an appeal. *See Johnson v. Jones*, 515 U.S. 304, 309 (1995). A district court's denial of qualified immunity, however, "is immediately appealable under the collateral order doctrine to the extent that the availability of this defense turns on a question of law." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 305 (4th Cir. 2006) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

[5] Based on a review of the Fourth Circuit's docket, the Officer Defendants' opening brief is not due until July 14, 2025, meaning the interlocutory appeal will not be resolved for some time. *See Schoberg v. Schwartzman*, No. 25-1310 (4th Cir. May 16, 2025), ECF No. 15.

5

(ECF No. 81), and the Officer Defendants filed a reply (ECF No. 82). The Officer Defendants' Motion to Stay (ECF No. 80) is ripe for review.

## ANALYSIS

As the Fourth Circuit explained in *Maryland v. Universal Elections, Inc.*, 729 F.3d 370 (4th Cir. 2013), "[t]he grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Id.* at 375 (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). The party seeking a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). In exercising this "broad discretion," *Clinton*, 520 U.S. at 706, the Court considers the following factors, with the first two factors being the most critical: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

## ANALYSIS

As further explained below, the Court, balancing the four factors outlined above, DENIES the Officer Defendants' Motion to Stay (ECF No. 80).

### I. Likelihood of Success on the Merits

According to the Officer Defendants, they "have made a 'substantial case' they will

6

succeed on the merits." (ECF No. 80-1 at 2–5.) The crux[6] of the Officer Defendants' argument is that this Court's Memorandum Opinion (ECF No. 58) "did not explicitly rule" on their qualified immunity defense—which their underlying motion raised in footnotes, (*see* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6). (ECF No. 80-1 at 3.) According to the Officer Defendants, "[a]s a matter of law this Court was *required* to rule on that defense[.]" (*Id.*)

As noted *supra* in footnote 4, the jurisdiction of the federal appellate courts is usually constrained to "final decisions of the district courts." 28 U.S.C. § 1291. But "[t]o the extent that an order of a district court rejecting a governmental official's qualified immunity defense turns on a question of law, it is a final decision within the meaning of § 1291 under the collateral order doctrine . . . and therefore is subject to immediate appeal." *Winfield v. Bass*, 106 F.3d 525, 528 (4th Cir. 1997) (citations omitted). As Judge Chuang of this Court explained in *Campbell v. Sims*, No. TDC-20-2590, 2021 U.S. Dist. LEXIS 182724 (D. Md. Sept. 23, 2021),

> This rule allows for interlocutory appellate review of a denial of qualified immunity when the appeal is based on a "purely legal issue" such as "what law was clearly established," but not when the appeal is of a matter of "evidence sufficiency," such as whether qualified immunity was properly denied based on the conclusion that there was "a genuine issue of fact for trial."

*Id.* at *5–6 (quoting *Johnson v. Jones*, 515 U.S. 304, 313, 319–20 (1995)). Where a defendant raises a mix of legal and sufficiency-of-the-evidence arguments, it is the job of the appellate court to "parse[]" the arguments and consider only the legal arguments." *Krell v. Queen Anne's Cnty.*, No. CV JKB-18-0637, 2020 U.S. Dist. LEXIS 13921, at *3–4 (D. Md. Jan. 27, 2020)

---

[6] The Officer Defendants also repeat their grievance with this Court for its refusal to construe their "Motion to Dismiss Amended Complaint or For Summary Judgment" (ECF No. 37) as a motion for summary judgment, suggesting that their motion was "clearly *both*." (ECF No. 80-1 at 4–5.) The Court notes that the Officer Defendants did not frame their motion as seeking summary judgment in part, but rather as a motion seeking dismissal *or* for summary judgment.

(quoting *Iko v. Shreve*, 535 F.3d 225, 234–35 (4th Cir. 2008)).

Preliminarily, the Court is skeptical—based on the arguments advanced in their motion to stay and prior filings—that the Fourth Circuit will have jurisdiction over the Officer Defendants' appeal. Somewhat relatedly, and despite the Officer Defendants' reluctance to admit as much, this Court *has* ruled on their qualified immunity defense as briefed thus far. (*See* ECF No. 71 at 7–9.) In its Memorandum Opinion dated February 28, 2025, this Court explained:

> As the United States Court of Appeals for the Fourth Circuit has noted: "A qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . when asserted at this early stage in the proceedings, 'the defense faces a formidable hurdle' and 'is usually not successful.'" *Owens v. Balt. City State's Att'ys Office*, 767 F.3d 379 (4th Cir. 2014) (quoting *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006)). To establish a qualified-immunity defense, the Officer Defendants must demonstrate that (1) Schoberg has not alleged or shown facts that "make out a violation of a constitutional right," or that (2) "the right at issue was [not] 'clearly established' at the time of" the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). While this Circuit places a portion of the burden on both parties—the defendant must establish that the allegedly violated law was not clearly established, and the plaintiff must establish that the defendant violated a constitutional right, *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022)—it must be emphasized that the Officer Defendants approached this "formidable hurdle" and burden with a generic two-sentence footnote. Their Motion to Revise (ECF No. 60) does not attempt to cure this deficiency, but rather contends that revision of the Court's Order (ECF No. 59) is necessary to correct clear error causing manifest injustice. At bottom, the Officer Defendants' dissatisfaction with the Court's disposition of the underlying motion is insufficient to warrant relief under Fed. R. Civ. P. 54(b). The Court places great emphasis on the Officer [Defendants'] complete failure to develop or support their qualified immunity defense in their submissions to the Court in so holding. (*See* ECF Nos. 37-1 at 15 n.1; 56 at 7 n.6; 60-1 at 2–3.)

(ECF No. 71 at 9.) The Court stands by its earlier finding and is unpersuaded that the Officer Defendants are likely to prevail on appeal. Nevertheless, as Judge Bredar explained in *Krell*, "even where a district court believes that a defendant is unlikely to prevail on appeal, it may

8

still determine a stay is appropriate where the defendant can make a 'substantial case' that it will succeed on the merits, or the appeal raises 'serious questions of law.'" 2020 U.S. Dist. LEXIS 13921, at *5 (internal citations omitted).  As noted, Defendants' argument on appeal appears to focus on the Court's "failure" to address their qualified immunity argument.  Here, the Officer Defendants have failed to make a "substantial case" that it will succeed on the merits, and their appeal fails to raise any "serious questions of law."  Accordingly, this factor weighs against granting a stay.

## II.     Risk of Irreparable Injury to Defendants

The Officer Defendants assert that they "would be required to engage in discovery and proceedings related to the state claims while appeal of the federal [claim] is pending," meaning their "right to avoid discovery and other burdens of litigation because of qualified immunity would be irretrievably lost. (ECF No. 80-1 at 5–6.)  In *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court explained that qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526.  The Court is unpersuaded by Defendants' assertions that this factor weighs in favor of a stay.  Preliminarily, the Court emphasizes that the qualified immunity analysis applies only to Plaintiff's federal law claim set forth in Count V.  That is, Plaintiff's state claims set forth in Counts II, III, IV, and IX will proceed *regardless* of the outcome of the Officer Defendants' appeal on the issue of qualified immunity.  What's more, the discovery involved for Plaintiff's state law claims will undoubtedly overlap with the discovery involved for Plaintiff's federal claim.  Furthermore, while the operative scheduling order provides that this matter is set for a one-week trial beginning January 12, 2026, (ECF

9

No. 78 at 2), that timeline seems improbable given discovery does not appear to be near completion, largely due to the Officer Defendants' refusal to participate in discovery thus far.

### III. Risk of Substantial Injury to Others

According to the Officer Defendants, "[t]he *only* potential harm to [Schoberg] is delay; no 'structural harm' that would impair [Plaintiff's] ability to recover would be caused by a stay." (ECF No. 80-1 at 6.) As Judge Bredar explained in *Krell*, "[i]n considering whether a stay pending appeal will harm a plaintiff, courts can consider a variety of factors, including the duration of the case and the timing of the appeal." 2020 U.S. Dist. LEXIS 13921, at *6 (citing *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982)). "A court is more likely to grant a stay where it will only delay the plaintiff's recovery as opposed to causing 'structural harm' that irreparably impairs the plaintiff's ability to recover. *Id.* at *6–7 (quoting *Par Pharms., Inc. v. TWi Pharms., Inc.*, No. CCB-11-2466, 2014 U.S. Dist. LEXIS 110963, at *16 (D. Md. Aug. 12, 2014)).

This Court highlights that Plaintiff's claims arise from actions that occurred in 2019—nearly six years ago. (ECF No. 25.) Since Plaintiff initiated this action on June 30, 2023 (ECF No. 7), very little progress has been made, and it appears the Officer Defendants have thus far refused to participate in discovery. The Court further notes that, based on a review of the Fourth Circuit's docket, the Officer Defendants' opening brief is not due until July 14, 2025, meaning the interlocutory appeal will not be resolved for some time. *See supra* footnote 5. Given the facts here, the Court finds that this factor, if only marginally, cautions against a stay.

### IV. Public Interest

The purpose of qualified immunity is to "balance[] two important interests—the need

to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). As Judge Bredar observed in *Krell*, "[i]n the context of stays pending immunity appeals, some courts, including the D.C. Circuit, have concluded that the public interest in protecting officers from suit is so great that it 'normally will support a stay,' even if that means postponing the plaintiff's recovery." 2020 U.S. Dist. LEXIS 13921, at *8 (citing *McSurely*, 697 F.2d at 317). While the Fourth Circuit does not appear to have explicitly accepted or rejected such a presumption in favor of stays, the approach is based on ample Supreme Court precedent emphasizing the public interest in protecting officers from suits. *Id.* (citing *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998) ("[T]here is a strong public interest in protecting public officials from the costs associated with the defense of damages actions.")). The Undersigned Judge agrees with his colleague that, in light of this authority, this factor supports a stay, or is, at the least, neutral.

## CONCLUSION

For the reasons stated in the foregoing, it is HEREBY ORDERED this 11th day of June, 2025, that the Officer Defendants' Motion to Stay (ECF No. 80) is DENIED.

/s/
Richard D. Bennett
United States Senior District Judge

11